Patrick R. RIZZO, Petitioner–Appellant,

v.

Sandra B. ARMSTRONG, Respondent–Appellee.

No. 89–55389.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1990.

Decided Aug. 30, 1990.

---

Patrick R. Rizzo, Lompoc, Cal., in pro per.

John F. Libby, Asst. U.S. Atty., Los Angeles, Cal., for respondents-appellees.

Before REINHARDT and HALL, Circuit Judges, and RE,[*] Chief Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Patrick Rizzo ("Rizzo") petitioned the district court for a writ of habeas corpus on the basis that the United States Parole Commission ("the Commission") improperly decided at two separate parole revocation hearings to forfeit "street time" he had served while out on parole. The Commission's decisions were made in light of the fact that Rizzo was convicted of subsequent crimes each time he was released on parole. The district court refused to grant the writ.

On appeal, Rizzo argues that the special reconsideration hearing held in 1989 to provide him with notice of the possibility of street time forfeiture was defective because 1) the Commission applied a regulation at the special reconsideration hearing mandating forfeiture of street time, effectively making the new hearing pointless; and 2) the regulation applied by the Commission at the reconsideration hearing was not in effect at the time when Rizzo committed his crime of misuse of credit cards while out on parole in 1974, thereby constituting a violation of the ex post facto clause. He also argues that the statutory scheme does not mention the Commission's power to forfeit a parolee's street time and is therefore unconstitutionally vague.

Rizzo additionally contends that the Commission lacked jurisdiction to order forfeiture of his street time in light of the fact that each time his parole was revoked he had already finished serving time for the subsequent offense. Finally, Rizzo insists

that he did not receive proper notification prior to his second original parole revocation in 1979 that a possible consequence would be forfeiture of his street time.

**I**

On December 14, 1967, Rizzo was sentenced to a thirty-five year term of imprisonment by the United States District Court for the Northern District of Indiana for armed bank robbery, jeopardizing life, and escape. He was committed to United States Penitentiary Marion and when granted parole to be effective October 29, 1974, was transferred to the community treatment center in Long Beach, California.

Things appear to have gone well for almost two years after Rizzo was released on parole. By reports dated March 2 and April 26, 1976, however, a U.S. probation officer informed the Commission that Rizzo had violated the conditions of his parole. The officer believed that Rizzo had been using drugs illegally. Moreover, and of particular relevance here, the officer discovered that Rizzo had been convicted of a misdemeanor offense, misuse of a credit card, on February 10, 1976 in Long Beach Municipal Court.[1] On the advice of the probation officer, the Commission took no action at that time. In a report dated September 3, 1976, however, Rizzo's probation officer notified the Commission that because Rizzo had absconded from supervision, a parole violator warrant should be issued. The Commission issued the warrant on September 29, 1976, and Rizzo was arrested on January 28, 1977.

The Commission held a parole revocation hearing on April 12, 1977. Although Rizzo was notified in advance about the hearing, this notice failed to warn him that one of the possible consequences of the hearing might be the forfeiture of the time Rizzo already had spent out on parole ("street time"). By notice of action dated May 6,

---

[*] Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

1. Rizzo failed to complete his sentence of 10 weekends in jail for this offense and was consequently sentenced to 12 days custody in the Los Angeles County Jail.

1977, the Commission notified Rizzo that it had decided to revoke his parole and that none of his street time would be credited. Rizzo exhausted his administrative appeals, and the decision following a review hearing was affirmed at all levels.

Rizzo was reparoled on November 16, 1978. In response to a probation officer's report that Rizzo had reverted to his prior drug use, the Commission issued a second parole violation warrant on May 16, 1979. After Rizzo had been taken into custody, the parole officer informed the Commission that in addition to other parole violations, Rizzo had been convicted on April 24, 1979 of disturbing the peace in the Orange County Municipal Court, which resulted in an eight-day term of imprisonment. This conviction, among other things, was listed in a supplemental warrant application issued by the Commission on June 11, 1979. It was also listed in a letter dated September 24, 1979, informing Rizzo why the Commission was about to conduct yet another parole revocation hearing. The letter also informed Rizzo that his street time might be forfeited: "If revocation is ordered, the Commission will also determine whether to reparole you or to require service of all or any part of your violator term." The hearing was conducted on October 10, 1979; Rizzo's parole was revoked, and his street time forfeited, on October 31, 1979. Once again, Rizzo exhausted his administrative remedies and the decision was affirmed at all levels.

Rizzo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 14, 1988. On November 18, 1988, in light of our decision in *Boniface v. Carlson*, 856 F.2d 1434 (9th Cir.1988), the Commission voluntarily scheduled a special reconsideration hearing in order to rectify the original hearing conducted on April 12, 1977. Specifically, the notice of action sent to Rizzo this time warned Rizzo that the hearing was being conducted "to consider forfeiture of street time spent on parole from October 29, 1974 to January 28, 1977." At the special reconsideration hear-

ing held January 4, 1989, the Commission reaffirmed its 1977 decision to forfeit Rizzo's street time.

## II

We review de novo the district court's denial of Rizzo's habeas corpus petition. *Vargas v. United States Parole Comm'n*, 865 F.2d 191, 193 (9th Cir.1988) (citation omitted). Our review is limited to whether the Commission acted outside its statutory authority or committed a constitutional violation; we are powerless to review a decision involving the Commission's " 'exercise of judgment among a range of possible choices or options.' " *Id.* (*quoting Wallace v. Christiensen*, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). Since Rizzo's claims are that the Commission acted outside statutory and constitutional limits, we have jurisdiction to consider them.

The Commission's failure to warn Rizzo in advance of his original 1977 parole revocation hearing of the possibility that his street time would be forfeited constituted a violation of both due process and 18 U.S.C. § 4213(c)(3). *See Jessup v. United States Parole Comm'n*, 889 F.2d 831, 835 (9th Cir.1989); *Boniface v. Carlson*, 856 F.2d 1434, 1435 (9th Cir.1988); *Raines v. United States Parole Comm'n*, 829 F.2d 840, 843 (9th Cir.1987); *Vanes v. United States Parole Comm'n*, 741 F.2d 1197, 1202 (9th Cir.1984). Consequently, the Commission held a special reconsideration hearing in 1989 in order to rectify this error, a procedure we expressly ordered in both *Jessup*, 889 F.2d at 835, and *Boniface*, 856 F.2d at 1436.

Nonetheless, Rizzo objects to the special reconsideration hearing conducted in 1989 on the basis that the Commission used the occasion to apply 28 C.F.R. § 2.52(c)(2), a regulation which mandates the forfeiture of street time when a parolee is convicted of a new crime punishable by a term of imprisonment and the Commission decides to revoke his parole.[2] He maintains that

---

**2.** Although the provision only comes into play once the Commission has decided to revoke the parolee's parole, *see* 28 C.F.R. § 2.52(c), it is unclear whether it applies "regardless of whether the conviction is used as a revocation charge," *Vanes*, 741 F.2d at 1201.

this regulation impermissibly expands 18 U.S.C. § 4210(b)(2), which provides as follows:

> [I]n the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), *whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense,* but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

18 U.S.C. § 4210(b)(2) (emphasis added).

This provision is obviously not a model of clarity, and Rizzo takes advantage of its poor wording by arguing a) that it provides no warning that street time can be forfeited at all and b) that even if it allows the Commission to forfeit street time, it leaves the ultimate decision to the Commission's discretion and does not mandate such forfeiture. Appellee disagrees, arguing that the regulation merely purports to interpret the statute, and pointing to *Harris v. Day,* 649 F.2d 755 (10th Cir.1981), in support of her position.

▆▆▆ To begin with, we reject Rizzo's argument that § 4210(b)(2) does not address street time forfeiture at all. We agree with the *Harris* court's reading of the phrase "the unexpired term being served at the time of parole" as referring to "the unexpired term remaining to be served by the defendant at the time the defendant was paroled. The statute does not say that the measure of time remaining on the defendant's original sentence is the time remaining to be served on that sentence at the time of defendant's arrest for the second crime." *Id.* at 759–60; *accord United States v. Newton,* 698 F.2d 770, 772 (5th Cir.1983). This reading is reasonable; consequently, we defer to the Commission's interpretation that the statute allows street time to be forfeited so that it runs concurrently or consecutively with the sentence imposed for the new offense. *See generally Guadamuz v. Bowen,* 859 F.2d 762, 768 (9th Cir.1988) ("Where the administrative [interpretive] choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by statute, it should not be disturbed unless it appears in the statute or its legislative history that the accommodation is not one Congress would have sanctioned.") (citations omitted). After all, the statute speaks of "the unexpired term *being served* at the time of parole," not the unexpired term *that is left to be served* at the time the parolee commits the second offense. Street time forfeiture also is expressly contemplated in the legislative history, although this same history admittedly contains conflicting evidence about whether such forfeiture is mandatory. *See Vanes,* 741 F.2d at 1201 n. 7 (noting conflicting language in House Conference Report which nonetheless agrees that § 4210(b) implicates the possible loss of street time).[3]

▆▆▆ Rizzo's alternative argument is much more potent—namely, that even if § 4210(b)(2) addresses the issue of street time forfeiture, it does not mandate street time forfeiture. Appellee disagrees and cites to the Tenth Circuit's decision in *Harris* in support of its position. The *Harris* court concluded that § 4210(b)(2) *mandates* forfeiture of street time. This reading

---

3. It follows that Rizzo's alternative argument, that § 4210(b)(2) is unconstitutionally vague by virtue of the fact that it says nothing about street time forfeiture, must fail. We conclude that § 4210(b)(2) provided Rizzo with sufficient warning about the possibility of street time forfeiture at the time he committed his offenses while out on parole. Rizzo's observation that the predecessor to § 4210(b)(2) more clearly implicated street time forfeitures is insufficient by itself to render the newer provision unconstitutionally vague. *See Newton,* 698 F.2d at 772 (noting in effect that "[a]lthough section 4210 is not as explicit as its predecessor," the provision nonetheless implicates street time forfeitures).

would put the statute in line with the regulation, which provides as follows:

> A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:
>
> . . . .
>
> It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, *forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.*

28 C.F.R. § 2.52(c)(2) (emphasis added). In support of its conclusion that the statute implicitly contains the mandatory command found in the regulation, the *Harris* court offered a frankly implausible reading of the statute:

> It is to be noted, however, that while § 4210(b) allows the Commission to make the choice between concurrent and consecutive running of the old sentence with the new sentence, *it does not dispense with the unexpired term altogether. Therefore, the parolee who has been convicted of a new crime automatically forfeits the time he spent on parole,* and a determination is to be made whether that time is to be served again concurrently or consecutively with the time spent serving the second sentence.

*Harris,* 649 F.2d at 760 (emphasis added).

This reading is problematic. For the statute quite plainly says that the Commission must determine "whether *all or any part*" of the street time period "shall run concurrently *or* consecutively with the sentence for the new offense." This means that the Commission has a choice not only whether the unexpired term will run concurrently or consecutively, but also how much—if any—of the term will run concurrently or consecutively. In short, the statute gives the Commission the option of ordering less than all—or even none—of the street time to run either concurrently or consecutively, in which case it simply is not totally forfeited. The *Harris* court's reading, by contrast, renders the phrase "all or any part" superfluous. The legislative history does not even definitively establish the propriety of the *Harris* court's reading. *See Vanes,* 741 F.2d at 1201 n. 7 (noting conflicting language in the House Conference Report).[4]

Moreover, we reject a reading of § 4210(b)(2) that would limit the Commission's discretion on street time forfeiture to those situations where it fails to order revocation of parole pursuant to 18 U.S.C. § 4214. To be sure, this construction has the virtue of salvaging the discretionary language contained within § 4210(b)(2). But it would also stretch the plain meaning of this provision beyond recognition. For § 4210(b)(2) merely tells the Commission to make its determination "in accordance with the provisions of section 4214(b) or (c)." These provisions in turn merely dictate procedures for parole revocation hearings; it must therefore be acknowledged that the issue of street time forfeiture can only be considered within the context of a parole revocation hearing. *See* 28 C.F.R. § 2.52(c). But these procedural provisions do not describe the ultimate decisions that might be reached at a revocation hearing. Section 4214(d) lists the Commission's ultimate options, yet we think it significant that this subsection is not mentioned in § 4210(b)(2). In addition, nothing in § 4210(b)(2) suggests that revocation according to § 4214 *automatically* means that "all . . . of the unexpired term being served at the time of parole" must be forfeited.

■ The statute is thus best read as making forfeiture of street time in all in-

---

4. The Seventh Circuit interpreted this same legislative history as clearly mandating street time forfeiture. *See United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 588 (7th Cir.1980), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981). Our reading of the same legislative history in *Vanes* precludes us from reaching a similar conclusion.

stances a discretionary decision on the part of the Commission. As such 28 C.F.R. § 2.52(c)(2) impermissibly changes the scope of the statute by making street time forfeiture mandatory. We therefore invalidate the regulation as an unreasonable interpretation of § 4210(b)(2).[5] *See generally Guadamuz,* 859 F.2d at 768 ("[I]f the Secretary's construction or application of the statute is arbitrary and capricious, or manifestly contrary to the statute, deference to the administrative interpretation is inappropriate.") (citations omitted). Application of 28 C.F.R. § 2.52(c)(2) thus tainted

both the 1989 special reconsideration hearing and the 1979 revocation hearing.[6]

■ Our reading of § 4210(b)(2) comports with the Commission's obligation to notify a parolee in advance of his parole revocation hearing about the possible forfeiture of street time. As Rizzo himself notes, if forfeiture of street time is regarded as an automatic statutory penalty, the notification requirement would not serve the purpose for which it was devised in *Vanes:* to "afford[ ] the parolee the opportunity to attempt to prepare any defense or mitigation," 741 F.2d at 1202.[7] For there

5. Despite appellee's insistence that the regulation at stake here merely gleans legislative intent, the Commission's own actions belie the fact that forfeiture is discretionary. The letter sent to Rizzo on the occasion of his reconsideration hearing apparently advised him that the Commission would consider "whether or not" his street time would be forfeited. Yet once the hearing was held, the Commission claimed to lack discretion. Rizzo's point is compelling: Why did the Commission's letter not admit that street time would have to be forfeited if this is what Congress had intended?

6. Although we invalidate the regulation generally, we note that as applied to Rizzo at the time of the special reconsideration hearing, 28 C.F.R. § 2.52(c)(2) violated the ex post facto clause of the Constitution, art. I, § 9. Rizzo correctly argues that because the regulation did not exist at the time he committed his misuse of credit cards offense, he lacked fair warning at that time of the mandatory nature of street time forfeitures.

First, the regulation altered the statute by making mandatory what had been discretionary. The fact that 28 C.F.R. § 2.52(c)(2) purports to be a mere interpretive regulation does not foreclose us from concluding otherwise. *See Mt. Diablo Hosp. Dist. v. Bowen,* 860 F.2d 951, 956 (9th Cir.1988).

Second, this substantive change rises to the level of "law" for ex post facto purposes. The test we have applied to Commission regulations focuses on "the discretion that the Parole Commission retains to modify that directive or to ignore it altogether as the circumstances may require." *Smith v. United States Parole Comm'n,* 875 F.2d 1361, 1367 (9th Cir.1989). If the Commission is free to reject its own regulation, then it cannot be binding law. *See id.* Thus, a Commission regulation in *Smith* was not considered "law" because it only claimed by its own terms to express the Commission's "general policy," *see id.; see also Vargas,* 865 F.2d at 195 (Commission's procedures manual not "law" because "[t]he Commission is not bound to follow its own internal rules if the rules are merely statements of policy, organization, pro-

cedure, or practice which are within the Commission's discretion to set"); *Wallace v. Christiensen,* 802 F.2d 1539, 1554 (1986) (en banc) (Commission's parole guidelines not binding laws because "[t]he Commission retains the discretion to set presumptive parole dates above or below the Guidelines for 'good cause,'"). Since 28 C.F.R. § 2.52(c)(2), unlike the rules just detailed, purports merely to glean a congressional command, it is worded in a way that precludes the exercise of discretion—that is, it concludes that street time forfeiture is an "automatic" statutory penalty. Thus, § 2.52(c)(2) is a substantive regulation that by its own terms does not give the Commission leeway on whether or how it should be applied.

Third, this legal change violates the prohibition against ex post facto laws. The Supreme Court has held that retroactive application of a statute which mandates a punishment that had been discretionary at the time the crime was committed violates the ex post facto clause. *See Lindsey v. Washington,* 301 U.S. 397, 400–02, 57 S.Ct. 797, 798–99, 81 L.Ed. 1182 (1937). Thus, *"Lindsey* establishes 'that one is not barred from challenging a change in the penal code on *ex post facto* grounds simply because the sentence he received under the new law was not more onerous than that which he might have received under the old.'" *Miller v. Florida,* 482 U.S. 423, 432, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351 (1987) (quoting *Dobbert v. Florida,* 432 U.S. 282, 300, 97 S.Ct. 2290, 2302, 53 L.Ed.2d 344 (1977)). In short, despite the fact that the legal change here merely altered the odds that Rizzo's street time would be forfeited, applying the regulation at Rizzo's 1977 and special reconsideration parole revocation hearings nonetheless violated the ex post facto clause.

7. On the other hand, we have stressed that the parolee need not go so far as make an affirmative showing of prejudice. *See Boniface,* 856 F.2d at 1436; *see also Jessup,* 889 F.2d at 835. In other words, although the parolee must have an opportunity to prepare a defense or mitigating circumstances, he need not show that the Commission's failure to provide such an oppor-

would be nothing the parolee could say on his behalf or in mitigation at the parole revocation hearing with regard to street time forfeiture if such forfeiture inexorably followed conviction of a crime punishable by imprisonment. In short, if the Commission's reading of the statutory scheme is correct, the rationale for notification of the possible loss of street time in *Vanes* crumbles.

If anything, then, the notification requirement enunciated in *Vanes* offers implicit support that street time forfeiture is within the Commission's discretion. And despite the fact that *Vanes* and its progeny do not decide whether forfeiture is discretionary or mandatory,[8] we have twice suggested in dicta that it is discretionary. For instance, although we explicitly chose not to decide in *Vanes* whether forfeiture of street time is automatic, 741 F.2d at 1201, we also stated that we were "not convinced that forfeiture of street time [is] automatic," *id.* We also stated in *Boniface* that "[i]t would appear that forfeiture is not automatic or certain but is discretionary with the Commission," 856 F.2d at 1436.

Accordingly, we must remand this case to the district court with directions that it issue the writ of habeas corpus so that Rizzo can serve the remaining portion of his sentence on parole. The Commission is of course free to conduct yet another parole revocation hearing concerning Rizzo, at which time it may consider whether to forfeit the periods of street time at issue at both the 1989 special reconsideration hearing and the 1979 parole revocation hearing.[9] But this time it must exercise the discretion that it heretofore has disclaimed on the street time forfeiture issue.

## III

 Rizzo also contends that the Commission lacked authority under § 4210(b)(2) to forfeit his street time pursuant to both the original 1977 parole revocation hearing and the 1989 reconsideration hearing by virtue of the fact that these hearings took place after he had already served his 24–day sentence for misuse of a credit card. Rizzo's argument appears to be grounded upon a construction of the phrase "the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." Under Rizzo's reading of the provision, it makes no sense for street time to run concurrently or consecutively with a sentence imposed for the new offense if the sentence for the new offense has already expired. Unfortunately, Rizzo has not explained why the Commission is powerless to tack forfeited street time on consecutively or calculate it as having started to run concurrently after the fact. *See United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 589 (7th Cir.1980) ("[A] sentencing judge has the discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been partially served...."), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981).[10] We

tunity would necessarily result in forfeiture of street time. Missing the *chance* to prepare a defense is prejudice enough. *Boniface,* 856 F.2d at 1436.

8. Respondent's claim that we decided that street time forfeiture is a mandatory statutory penalty in *Bowen v. United States Parole Comm'n,* 805 F.2d 885 (9th Cir.1986), is off the mark. In *Bowen* we merely explained that the regulation mandated forfeiture, in a context which did not require us to analyze it or read it in conjunction with § 4210(b)(2).

9. One of Rizzo's additional objections to the 1979 parole revocation hearing should be noted here. Rizzo claims that the Commission erred by not verifying whether his disturbing the peace conviction under California law should be characterized as an administrative as opposed to criminal violation. This contention is meritless. As the magistrate below noted, this disturbing the peace in question was *charged* as the offense mentioned in Cal. Penal Code § 415(2), which is punishable by a term of imprisonment. Indeed, Rizzo served 8 days on this conviction. Thus, in any new hearing, the Commission need not analyze the nature of a disturbing the peace violation under California law.

10. In a case that admittedly involved different challenges, the Tenth Circuit approved forfeiture of street time in a situation where the Commission ordered the forfeiture after the appellant had already completed service of the

accordingly reject Rizzo's jurisdictional argument.

## IV

## REVERSED AND REMANDED

sentence imposed on him as a result of a crime he committed while out on parole. *See DeCuir* *v. United States Parole Comm'n,* 800 F.2d 1021 (10th Cir.1986).