946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali Reza MOHASES, Plaintiff-Appellant,
v.
Loy HAYES, Warden of F.C.I. Pleasanton, and United States
Parole Commission, Defendant-Appellee.
 No. 89-16616.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Oct. 15, 1991.
 
 Before PREGERSON, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Ali Reza Mohases timely appeals from the denial of his petition for habeas corpus. On appeal, Mohases challenges two aspects of the Parole Commission decision setting his presumptive parole date at ninety-six months. First, Mohases contends that the Commission improperly computed his "salient factor score." Second, he argues that the Commission did not have good cause to set a release date outside the Guidelines. We affirm.
 
 
 3
 * We review de novo the denial of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Our jurisdiction to review decisions of the Parole Commission, however, is exceedingly narrow. We may determine only whether the Commission exceeded its statutory authority or committed a constitutional violation. Rizzo v. Armstrong, 921 F.2d 855, 858 (9th Cir.1990). We may not review a decision involving the exercise of judgment among a range of possible options. Id.
 
 
 4
 * Mohases first claims that the Commission erred in including an earlier conviction in his salient factor score. Mohases' current offense, conspiracy to distribute cocaine in violation of 18 U.S.C. §§ 841(a) and 846, was committed while he was free on bond pending sentencing on the earlier conviction.
 
 
 5
 The Parole Guidelines require that a prior conviction be counted in the salient factor score "[w]here the first and last overt acts of the current offense behavior are separated by an intervening federal conviction (e.g., after conviction for the current federal offense, the offender commits another federal offense while on appeal bond)." 28 C.F.R. § 2.20, Salient Factor Scoring Manual, Item A.1. Citing the parenthetical, Mohases argues that this regulation applies only to offenses committed while on bond pending appeal, not to offenses committed while on bond pending sentencing.
 
 
 6
 This argument was not raised in the district court, and would not ordinarily be considered on appeal. Amalgamated Clothing & Textile Workers v. Murdock, 861 F.2d 1406, 1420 (9th Cir.1988). Because it involves strictly legal questions, however, we possess the discretion to reach it. United States v. Childs, No. 90-30429, slip op. 12469, 12479 (9th Cir. Sept. 6, 1991). In the interests of judicial efficiency, we reach the merits of this claim.
 
 
 7
 We lack jurisdiction to review the Commission's decision as to which prior convictions to include in computing the salient factor score. This is precisely the sort of Commission judgment we held Congress had withdrawn from judicial review in Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). Thus, if we view Mohases' claim as a challenge to the regulation itself, we may not entertain it.
 
 
 8
 If we construe Mohases' argument as a claim that the Commission failed to follow its regulations, however, we have jurisdiction to address it. Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir.1987). Inclusion of the prior conviction plainly did not violate the applicable regulation. The parenthetical Mohases relies on is simply one example of a situation in which the prior offense should be counted in the salient factor score. The regulation requires counting of the prior offense in analogous situations as well.
 
 B
 
 9
 Mohases next contends that the Commission departed from the Parole Guidelines without good cause. We have jurisdiction to consider this claim. Wallace, 802 F.2d at 1551. A showing of good cause requires that the Commission advance in good faith reasons that are not "arbitrary, irrational, unreasonable, irrelevant, or capricious." Wallace, 802 F.2d at 1551 (quoting Jt.H.R.-S.Conf.Rep. No. 838, 94th Cong., 2d Sess. 19, 27).
 
 
 10
 Given Mohases' offense severity category and salient factor score, the Guidelines indicated an appropriate parole range of sixty-four to seventy-eight months. The Commission set a release date of ninety-six months, basing its departure from the Guidelines on, among other factors, Mohases' seven-year history of drug abuse. We cannot say that departure on the basis of a prolonged history of drug abuse is "arbitrary, irrational, unreasonable, irrelevant, or capricious."
 
 II
 
 11
 For the foregoing reasons, we find that the district court did not err in denying Mohases' petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3