963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth C. LONG, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; Peter Carlson, Respondents-Appellees.
 No. 90-16349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 13, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Long appeals the district court's order granting the respondents' post-judgment motion in this habeas corpus proceeding. Long alleged the United States Parole Commission violated his due process rights in conducting his parole revocation hearing when it failed to notify him prior to the hearing that his "street time" credit was subject to forfeiture. The district court ordered that Long's street time be restored. Upon the Government's Motion for Reconsideration, however, the district court modified the relief granted to Long and ordered that he receive a new parole hearing rather than restoration of street time. We have jurisdiction under 28 U.S.C. § 2254 and we affirm.
 
 A. Motion for Reconsideration
 
 3
 As a preliminary matter, we must determine whether the district court had jurisdiction to grant the Government's "Motion for Reconsideration" and modify the relief granted to Long. On February 28, 1990, the district court granted Long's habeas corpus petition and ordered the United States Parole Commission to restore his street time credit. Forty-two days later, on April 11, 1990, the Government filed a motion entitled "Motion for Reconsideration," requesting that the district court partially vacate its previous order and direct the Parole Commission to provide Long with a new revocation hearing, rather than order restoration of street time. The district court granted the Government's motion on July 11, 1990, and Long filed a timely appeal from that decision.
 
 
 4
 Relying on Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257 (1978), Long argues the Government's Motion for Reconsideration is governed by either Fed.R.Civ.P. 52(b) or 59 and, therefore, subject to the strict ten-day time limit within which to file the motion after entry of judgment. Because the Government's motion was filed forty-two days after the entry of judgment, Long argues the district court lacked authority to entertain the motion.
 
 
 5
 We disagree. Browder is not dispositive in this case. Long's reliance on the Court's statement in Browder that "the timeliness of a motion for rehearing or reconsideration is governed by Rule 52(b) or Rule 59, each of which allows only 10 days," id. at 268, is misplaced. In context, the statement stands only for the proposition that Federal Rules of Civil Procedure 59 and 52(b) apply in a habeas corpus proceeding, and the timeliness of what was construed as a motion for reconsideration filed pursuant to Rule 59 would be governed by the ten-day period set forth by the Rule.[1] Simply because the Government's motion in this case was labeled "Motion for Reconsideration" does not automatically mean we must construe it as a motion for relief under Rule 59. See, e.g., McCarthy v. Madigan, No. 90-6861 (S.Ct. March 4, 1992) (motion for reconsideration filed pursuant to Rule 60(b)); Hasbrouck v. Texaco, Inc., 879 F.2d 632, 635 (9th Cir.1989) ("nomenclature is not controlling"). Rather, the reviewing court will decide "whether a motion, however styled, is appropriate for the relief requested." Hasbrouck, 879 F.2d at 635.
 
 
 6
 The Government contends its Motion for Reconsideration was properly filed pursuant to Fed.R.Civ.P. 60(b)(1). By its motion, the Government sought to correct the remedy granted to Long by the district court for the due process violation. According to the Government, the portion of the district court's judgment concerning the relief granted was based on an incorrect assumption about a relevant fact and a mistake of law. Rule 60(b)(1) provides in part: "[T]he court may relieve a party ... from a final judgment ... for ... (1) mistake, inadvertence, surprise, or excusable neglect."[2] In this Circuit, errors of law are cognizable under Rule 60(b). Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982). We conclude Rule 60(b)(1) provided the authority for the district court to correct its judgment based on either of the grounds stated in the Government's Motion for Reconsideration. The district court's decision regarding a motion for relief from judgment pursuant to Rule 60(b)(1) is reviewed for an abuse of discretion. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 B. Decision to Grant a Rehearing
 
 7
 Generally, the remedy for a denial of a parolee's due process rights at a parole revocation hearing is to grant the petitioner a new revocation hearing that comports with the demands of due process. Jessup v. United States Parole Comm'n, 889 F.2d 831, 835 (9th Cir.1989); accord Rizzo v. Armstrong, 921 F.2d 855, 861 (9th Cir.1990); Camacho v. White, 918 F.2d 74, 79 (9th Cir.1990). In certain circumstances, a delay between the original due process violation and the new revocation hearing may require the remedy of an automatic restoration of street time in lieu of a new hearing in order to avoid a subsequent and independent due process violation. Camacho, 918 F.2d at 79. The "petitioner challenging the remand remedy under Jessup must demonstrate both that the delay is unreasonable and that he or she will be prejudiced by the delay." Id. (nine years between hearings not unreasonable because petitioner was primary cause for delay).
 
 
 8
 On appeal, Long fails to advance any argument relevant to either one of the two requirements under Camacho to support his claim that restoration of street time is the appropriate remedy here. He does not claim he was prejudiced, in terms of a denial of due process, by the fact that his new revocation hearing took place three years after the original defective hearing. Nor does he argue the delay was unreasonable. In fact, like Camacho, much of the delay in this case is attributable to Long's own actions, as two of the three postponements were at his request. Under the circumstances, the district court did not abuse its discretion when it modified the relief granted to Long.[3] The judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Browder, the State represented to the Court that its post-judgment motion was not based on Rule 60(b); consequently, the Court found it unnecessary to decide whether in spite of the absence of any reference to Rule 60(b) or any of its specified grounds, the action of the district court was an improper denial of relief under that Rule. Browder v. Director, Dep't of Corrections Illinois, 434 U.S. 257, 263 & n. 8 (1978)
 
 
 [2]
 A motion under Rule 60(b)(1) must be "made within a reasonable time," and not more than one year after the judgment was entered. The Government filed its motion 42 days after the district court entered its judgment and within the 60 day time period permitted for filing a valid notice of appeal. The Government's motion was made within a reasonable time
 
 
 [3]
 We disagree with Long's contention that the granting of street time in this case is justified because of the alleged continuing nature of due process violations by the Commission. Long's original parole hearing was in 1987, which predates almost all of the violations relied on by Long. Nor can we agree with Long's contention that his case is distinguishable from Jessup simply because he is no longer incarcerated. Long has not demonstrated why this fact alone would cause a new revocation hearing remedy to be inadequate