967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon Dudley NOAH, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondent-Appellee.
 No. 91-36058.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided June 8, 1992.
As Amended on Denial of Rehearing
July 16, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Dudley Noah appeals the District Court's denial of his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 OVERVIEW
 
 3
 In 1972, Noah was convicted for violating federal drug laws and sentenced to twenty years in prison. Over the course of the last two decades he has been paroled and reincarcerated five times. His petition focuses on his parole release from May 1981 to February 1984. During that period, while on parole from federal prison, Noah was convicted of forgery in a Washington state court, and served seventeen months in state prison.
 
 DISCUSSION
 
 4
 Noah first contends that the Parole Commission erred in not crediting the time he spent out on parole between 1981 and 1984 against his federal sentence. We disagree.
 
 
 5
 The decision whether to credit time spent on parole against a prisoner's sentence is at a parole commission's discretion. Rizzo v. Armstrong, 921 F.2d 855, 860-861 (9th Cir.1990). We find no abuse of discretion in the Parole Commission's decision to deny Noah federal credit for time he spent in a Washington prison.
 
 
 6
 Noah next contends that the Parole Commission's failure to give him advance notice of the probation revocation hearing and the possibility that his parole time would be forfeited was a denial of due process. We agree, but note that the error has been cured.
 
 
 7
 The failure of a parole commission to give proper advance notice of a revocation hearing is a denial of due process. Jessup v. United States Parole Comm'n, 889 F.2d 831, 835 (9th Cir.1989). The proper remedy for the failure to give adequate notice of a revocation hearing is a remand to the parole commission with instructions to provide the prisoner with a new hearing. Id. Here, Noah received a new hearing with proper notice in 1991. Accordingly, the denial of due process was remedied.
 
 CONCLUSION
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3