NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM D. DUNNE,

    Petitioner-Appellant,

 v.

T. JUSINO, Warden,

    Respondent-Appellee.

No. 21-55507

D.C. No. 2:20-cv-04504-MWF-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 5, 2023**

Before: WALLACE, D. NELSON, and FERNANDEZ, Circuit Judges.

 Federal prisoner William D. Dunne appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition, which challenged the

Parole Commission's ("Commission") failure to grant parole at his 2014 parole

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsideration hearing and 2019 parole interim hearing.[1]  We have jurisdiction

under 28 U.S.C. § 1291.  We review the denial of a § 2241 petition de novo, *see*

*Rizzo v. Armstrong*, 921 F.2d 855, 858 (9th Cir. 1990), and we affirm.

The Commission's decision to deny parole was based, in part, on its finding

that Dunne continued to associate with anarchist organizations.  Dunne contends

that in doing so, the Commission relied on non-existent criteria, rendering its

decision "arbitrary and capricious," and violated his First Amendment right of

association.  We disagree.  The Commission shall consider relevant information as

may be reasonably available when determining whether paroling Dunne would

"jeopardize the public welfare."  18 U.S.C. §§ 4206(a) and 4207; 28 C.F.R. § 2.19.

Nor has Dunne shown that the Commission's consideration of his anarchist

affiliation violated his First Amendment right to associate, which is limited in the

context of prison.  *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003); *see also*

*Blaisdell v. Frappiea*, 729 F.3d 1237, 1246 (9th Cir. 2013) (explaining that the

First Amendment's right to associate only extends to "groups engaged in

expressive activities").  Further, insofar as Dunne criticizes the weight the

---

[1] Although the Sentencing Reform Act of 1984 repealed the Parole Commission and Reorganization Act ("Parole Act"), federal inmates who committed an offense before November 1, 1987, remain eligible for parole.  *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 981 n.2 (9th Cir. 2002).  Because Dunne was convicted in 1972 and 1980, his claims are governed by the Parole Act.  *See* 18 U.S.C. §§ 4201–4218.

21-55507

Commission gave to documents concerning his affiliations with anarchist organizations, his challenge is beyond the scope of judicial review. *See Coleman v. Perrill*, 845 F.2d 876, 878 (9th Cir. 1988) ("Courts may not . . . review the relevance the Commission attributes to the information it considers.").

Dunne also contends that his due process rights at his 2019 interim parole hearing were violated by the Commission's consideration of a 2017 disciplinary infraction, and by the fact the Bureau of Prisons ("BOP") keeps records of disciplinary infractions longer than it maintains records of an inmate's positive behavior. The Parole Act and applicable regulations require the Commission to consider reports and recommendations prepared by prison staff. *See* 18 U.S.C. § 4207(1); 28 C.F.R. § 2.19(a)(1); *see also* 28 C.F.R. § 2.14(a)(2)(iii) (providing that the Commission may delay or rescind a presumptive parole date for disciplinary infractions). Consistent with this authority, the Commission considered Dunne's positive programming in addition to his disciplinary infractions. Whether the 2017 disciplinary hearing suffered from alleged procedural and substantive flaws is beyond the scope of this appeal, and the weight the Commission gave to the disciplinary matter is beyond the scope of judicial review. *See Coleman*, 845 F.2d at 878. Dunne's conclusory statement that the BOP's record retention policy violates due process does not amount to a constitutional claim subject to judicial review. *See Roberts v. Corrothers*, 812

21-55507

F.2d 1173, 1177 (9th Cir. 1987) ("Petitioners unhappy with discretionary parole decisions cannot circumvent the Parole Act and obtain judicial review simply by labeling their claims as constitutional or 'extra-discretionary.'").

Dunne next contends that the Commission impermissibly increased his severity category from seven to eight at his 2014 rehearing. As an initial matter, the Commission may revise a prisoner's guidelines "at any time as deemed appropriate." 28 C.F.R. § 2.20(g). Further, the record belies Dunne's contention that the hearing examiner decided to increase his severity category before the hearing. Rather, consistent with the regulations, the examiner made the change after learning new information regarding Dunne's co-conspirator's shooting of a police officer. *See* 28 C.F.R. § 2.20, ch. 13, subch. A, § 4 (providing that prisoners convicted of conspiracy "must be held accountable for the criminal activities committed by his co-conspirators . . . ."); *Vargas v. U.S. Parole Comm'n*, 865 F.2d 191, 195 (9th Cir. 1988) ("The Commission's consideration of unadjudicated allegations or hearsay information to determine reparole guidelines does not violate due process."). Insofar as Dunne challenges the Commission's characterization of his co-conspirator's conduct, that is a matter within the Commission's discretion and therefore beyond the scope of judicial review. *See* *Coleman*, 845 F.2d at 878.

Dunne lastly argues that the Commission's failure to consider the disparate

treatment of his codefendants who were already released was "unreasonable, irrational, arbitrary, or capricious." This claim is not subject to judicial review, *see Coleman*, 845 F.2d at 877–79, notwithstanding Dunne's attempt to characterize the Commission's inaction as a constitutional deprivation, *see Roberts*, 812 F.2d at 1177.

Because Dunne's claims are either belied by the record or fail to show that the Commission acted outside of its statutory authority or violated the Constitution, the district court properly denied his § 2241 petition. *See Coleman*, 845 F.2d at 878 (explaining that "federal courts can review Parole Commission decisions only within a very narrow scope").

**AFFIRMED.**