**James Henry MEADOR, Jr.,
Petitioner–Appellant,**

v.

**Joel KNOWLES, et al., Respondents–
Appellees.**

**No. 91–16048.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 18, 1992.*

Decided April 8, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a); Circuit Rule 34–4.

James Henry Meador, Jr., in pro per.

Roger L. Duncan, Asst. U.S. Atty., Tucson, AZ, for respondents-appellees.

Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

James Henry Meador, Jr. ("Meador") petitioned the district court for a writ of habeas corpus alleging that (1) the United States Parole Commission ("the Commission") erred by not notifying him prior to his 1982 parole revocation hearing that his

"street time" (time spent on parole) was subject to forfeiture and (2) the Commission erred by failing to pursue the 1988 DUI conviction in a timely manner and thereafter relying on it to issue the parole violation warrant in 1989. The district court refused to grant the writ.

On appeal, Meador argues that he was denied due process in the 1990 revocation hearing because there was a delay of fifteen months between his conviction and the issuance of the parole violation warrant. Meador also argues that based on Ninth Circuit law, he did not receive proper notification prior to his 1982 parole revocation hearing that a possible consequence of the hearing would be forfeiture of his street time. Meador insists that Ninth Circuit law, not Tenth Circuit law, should be applied to determine the validity of his 1982 parole revocation hearing since he was sentenced in the Ninth Circuit and is currently serving his sentence in the Ninth Circuit. We reject Meador's contentions and affirm the district court's order.

## I.

Meador is a four-time parole violator. He was originally convicted of kidnapping and received a 24–year sentence. In 1965, he was convicted of escape and received a five-year concurrent sentence. In 1971, Meador received an added three-year consecutive sentence for carrying a dangerous weapon in a United States penitentiary, making his sentence 27 years.

Meador was originally paroled in February 1977. Following his first revocation of parole, he was reparoled in August 1979. In 1982 he pled guilty to forgery in the State of Illinois and received a two-year sentence. On September 30, 1982, a parole revocation hearing was held in the Tenth Circuit at FCI El Reno, Oklahoma. His federal parole was revoked and his street time was forfeited, meaning it was not credited toward the completion of his sentence. At the time of the parole revocation hearing, Tenth Circuit law mandated that a "parolee who has been convicted of a crime automatically forfeits the time he spent on

parole." *Harris v. Day,* 649 F.2d 755, 760 (10th Cir.1981).

In August of 1985, Meador was reparoled. In 1986 his parole was revoked, but all of his street time was credited. He was reparoled in September of 1987. On June 13, 1988, Meador was arrested in Illinois for Driving Under the Influence. On August 30, 1988, Meador pled guilty to Driving Under the Influence and was convicted. However, no warrant was issued for the parole violation. Instead, on September 9, 1988, the Parole Commission issued a reprimand letter. This letter stated that although the parole violation was enough to consider revocation, the Commission would not take any revocation action at that time:

> Your case has been submitted to the [Commission], and [it has decided] that revocation action not take place at the present time. [It] has ordered, however, that you be notified in writing that you have placed your freedom in jeopardy by this illegal behavior....

In November of 1989, Meador tested positive for cocaine use. A parole violation warrant was issued on December 12, 1989. The warrant was based on both the 1988 DUI conviction and Meador's unauthorized use of cocaine in 1989. After a hearing on May 16, 1990, the Parole Commission revoked Meador's parole and ordered that he forfeit all of his street time since the time he was paroled in 1987.

Meador took an administrative appeal, but the Regional Commissioner's decision was affirmed on September 13, 1990. The Commission rejected Meador's challenge to the inclusion of the DUI conviction, noting that even with the warning given by the letter of reprimand, he had continued to violate his parole by using cocaine. The Commission also rejected Meador's challenge to the 1982 street time forfeiture decision, stating that forfeiture was mandatory by law.

Meador's habeas corpus petition was denied by the district court and Meador is currently serving his sentence in FCI Tucson, within the jurisdiction of this Court.

## II.

■ We review de novo the district court's denial of Meador's habeas corpus petition. *Rizzo v. Armstrong*, 921 F.2d 855, 858 (9th Cir.1990). Our review is "limited to whether the Commission acted outside its statutory authority or committed a constitutional violation." *Id.* The Commission's exercise of its judgment within the scope of its authority is unreviewable. *Id.* Since Meador's claims are that the Commission acted outside statutory and constitutional limits, we have jurisdiction to consider them.

### A.

■ Meador contends that the delay between the 1988 DUI offense and the issuance in 1989 of the violator warrant which included that offense was unreasonable and prejudicial. However, the Commission's regulations specifically authorize it to delay the issuance of a warrant. "Issuance of a summons or warrant may be withheld until the frequency or seriousness of the violations, in the opinion of the Commission, requires such issuance." 28 C.F.R. § 2.44(b) (1992); *see also United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir.1983).

■ The Ninth Circuit, along with other circuits, has held that a due process violation only occurs when the Commission's delay in holding a revocation hearing is both unreasonable and prejudicial. *Camacho v. White*, 918 F.2d 74, 79 (9th Cir.1990); *see also United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir.1983); *United States v. Rice*, 671 F.2d 455, 458 (11th Cir.1982); *White v. United States Parole Comm'n*, 856 F.2d 59, 61 (8th Cir.1988); *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 45 (5th Cir.1991).

We reject Meador's argument that the Commission's decision to delay action on Meador's parole violation was unreasonable. Far from being unreasonable, the Commission's decision to withhold action benefitted Meador by allowing him to remain free longer. Much of the delay he now challenges is attributable to his conduct while he was free. When Meador tested positive for cocaine use, the continuing nature of his violations justified the issuance of the warrant and the start of revocation proceedings. It was his illegal actions, and not the Commission's decision, that led to the issuance of the warrant and his subsequent loss of street time.

We also reject Meador's argument that because of the Commission's delay, not only did he lose more street time than if his parole had been revoked in 1988, but he also was not adequately warned after his DUI conviction that there was the potential to lose his street time. The decision not to credit any of Meador's street time is unreviewable since that decision fell within the authority of the commission. *See Rizzo*, 921 F.2d at 858.

We further conclude that the lapse of time between the charges in question and the issuance of the parole violator warrant was not prejudicial. Meador cannot show he was prejudiced from the delay in bringing the revocation hearing. Meador made no showing that he lost the ability to present witnesses or evidence as a result of the delay. Meador argues that he was prejudiced in the delay because he would not have pled guilty to the DUI offense if he had known he would have lost 27 months in street time. However, he did not lose 27 months as he alleged. Instead, he risked losing only seven months of street time and going back to jail immediately if his parole was revoked when he pled guilty. Thus, instead of losing time, he gained additional time on parole and another chance to remain free by the Commission's delay.

### B.

■ Meador argues that he is entitled to Ninth Circuit law being applied to the validity of his 1982 parole revocation hearing because he was sentenced in the Ninth Circuit and is currently serving his sentence in the Ninth Circuit. The Ninth Circuit requires the Commission to exercise its discretion in deciding whether a parolee's street time should be forfeited. *Rizzo v.*

*Armstrong,* 912 F.2d 1111, 1117 (9th Cir. 1990). Because the loss of street time is discretionary, the parolee must be given notice prior to his parole revocation hearing that the hearing may result in the loss of street time. *Raines v. United States Parole Comm'n,* 829 F.2d 840, 843 (9th Cir. 1987) (per curiam). Meador contends that since insufficient notice was given, he is entitled to reversal of the Commissions's order to forfeit his street time. We disagree because we believe Tenth Circuit, not Ninth Circuit law applies to Meador's situation.

The Ninth Circuit must follow the Tenth Circuit rule because Meador was on parole from the Tenth Circuit and we must apply that court's rule relative to street time. In the Tenth Circuit, where Meador's 1982 parole revocation hearing took place, since 1981 the loss of street time has been a mandatory consequence of a parole violation for conviction of a state crime. *Harris v. Day,* 649 F.2d 755, 760 (10th Cir.1981). It follows, therefore, that the failure to notify petitioner before the revocation hearing that loss of street time would result automatically from his state court conviction did not violate due process. *See, Munguia v. United States Parole Comm'n,* 871 F.2d 517, 521 (5th Cir.), *cert. denied,* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 119 (1989).

Additionally, subsequent to Meador's hearing, the Parole Commission passed a regulation mandating the loss of street time after a parole violation for a state criminal conviction that is punishable by imprisonment. 28 C.F.R. § 2.52 (1992). An agency is free to "enforce the agency's [regulation] selectively on persons subject to the agency's jurisdiction in those circuits where its [regulation] has not been judicially repudiated." *Railway Labor Executives' Ass'n v. I.C.C.,* 784 F.2d 959, 964 (9th Cir.1986). Thus, outside of the Ninth Circuit, conviction of a state crime punishable by imprisonment automatically leads to loss of credit for street time.

AFFIRMED.