19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William TAYLOR, Petitioner-Appellant,
v.
Tommy RUFFINO; U.S. Parole Commission, Respondents-Appellees.
 No. 93-5993.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 1
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 William Taylor, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On August 28, 1992, the United States Parole Commission (USPC) issued a parole violator warrant against Taylor, because he allegedly engaged in a conspiracy to transport cocaine. The warrant was executed on September 14, 1992, and a preliminary interview was conducted on October 20, 1992. On December 14, 1992, the USPC found probable cause to go forward with a parole revocation hearing. Thereafter, on January 26, 1993, the USPC revoked Taylor's parole and returned him to prison to serve the remainder of an aggregate life sentence for a previous conviction for possession with intent to distribute a controlled substance and for conspiracy to murder.
 
 
 4
 In his petition for a writ of habeas corpus, Taylor argued that the USPC denied him a timely parole revocation hearing in violation of 28 C.F.R. Sec. 2.49. The district court dismissed the petition because Taylor had not shown that he was actually prejudiced by the delay. Taylor has filed a timely appeal, as well as a motion to proceed in forma pauperis on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because Taylor has not shown that the proceedings against him were fundamentally unfair or that they resulted in his unjust confinement. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Taylor is not entitled to habeas relief on his claim that the USPC unreasonably delayed his parole revocation hearing because he has not shown that the alleged delay actually prejudiced him. See Villarreal v. United States Parole Comm'n, 985 F.2d 835, 837 (5th Cir.1993). Nor is he entitled to relief based on the delay between his preliminary interview and the USPC's probable cause determination. See Vargas v. United States Parole Comm'n, 865 F.2d 191, 194 (9th Cir.1988).
 
 
 6
 Accordingly, we hereby grant Taylor's motion to proceed in forma pauperis for purposes of this appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation