46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Artie Ray DUFUR, Petitioner-Appellant,
v.
John SULLIVAN, Warden; Richard H. Rison, Warden,
Respondents-Appellees.
 No. 93-55746.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Artie Ray Dufur, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 habeas petition. Dufur contends that the United States Parole Commission violated his due process rights in calculating his presumptive release date by: (1) disobeying a court order and erroneously applying a regulation; and (2) vindictively adding two years to his reconsideration hearing, following remand by the district court. We review de novo, Meador v. Knowles, 990 F.2d 503, 506 (9th Cir. 1993), and affirm in part and vacate and remand in part.
 
 
 3
 Our review of a Parole Commission decision is limited to whether the Commission acted outside its statutory authority or committed a constitutional violation. Id. The Commission's exercise of its judgment within the scope of its authority is unreviewable. Id. Since Dufur contends that the Commission acted outside statutory and constitutional limits, we have jurisdiction to consider these contentions. See id.
 
 
 4
 Dufur contends the Commission exceeded the scope of its authority by adding 120 months to his presumptive parole date for new criminal conduct after the district ordered the Commission not to consider this conduct. This contention lacks merit.
 
 
 5
 The district court granted Dufur's first habeas petition on the grounds that the Commission erred in finding that Dufur's conduct during an escape constituted "new criminal behavior" within the meaning of the guidelines. See 28 C.F.R. Sec. 2.36(a) (1994) (explaining that guideline applies to new criminal behavior subsequent to commencement of parolee's sentence and prior to parolee's release on parole). On remand, the Commission found that Dufur's conduct during his escape constituted continued criminal behavior in aggravation of his original offense pursuant to 28 C.F.R. Sec. 2.20, Ch. 6, Subch. B, p 616 (1994). The Commission then applied the rescission guidelines and added 120 months to Dufur's presumptive release date. See id.; 28 C.F.R. Sec. 2.36(a)(2)(ii) (1994).
 
 
 6
 The Commission neither disobeyed the district court's order nor violated due process. See Meador, 990 F.2d at 506. It did not rely on "new criminal behavior" at the second parole hearing. Dufur's contention that the Commission disobeyed the district court's order lacks merit because the district court merely determined that the Commission erred in finding that Dufur's conduct during his escape constituted "new criminal behavior." See 28 C.F.R. Sec. 2.36(a) (1994). The district court did not preclude the Commission from considering Dufur's conduct during the escape in recomputing Dufur's presumptive release date.
 
 
 7
 Furthermore, the Commission's determination that Dufur's conduct constituted continued criminal behavior in aggravation of his original offense, was within the scope of its authority. See 28 C.F.R. Sec. 2.20, Ch. 6, Subch. (B), p 616. Accordingly, the Commission did not violate statutory or constitutional limits by adding 120 months to Dufur's presumptive release date. See Meador, 990 F.2d at 506.
 
 
 8
 Dufur contends that the Commission's decision to add two years to his reconsideration hearing creates the appearance of vindictiveness in violation of the Due Process Clause, because Dufur successfully challenged the Commission's first decision.
 
 
 9
 At the first parole hearing, the Commission established a fifteen-year reconsideration hearing for July, 2004. See 28 C.F.R. Sec. 2.14(c) (1994) (establishing a fifteen-year reconsideration hearing for all cases in which a release date is not set). At the second parole hearing, following remand from the district court, the Commission continued Dufur's fifteen-year reconsideration hearing until July, 2006, on the grounds that Dufur "should be held accountable due to [his] serious criminal behavior." Dufur raised this issue in his second habeas petition, however, the district court did not address it. Accordingly, we remand for the district court to determine if the Commission's decision to continue Dufur's reconsideration hearing was based on a vindictive motive and intended to punish Dufur for successfully contesting the original parole decision. See Weinstein v. United States Parole Comm'n, 902 F.2d 1451, 1456 (9th Cir. 1990) (remanding for district court determination on whether Parole Commission's decision to go outside guidelines based on vindictive motive).[1]
 
 
 10
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We need not consider Dufur's remaining issues concerning successive petitions, law of the case, or the requisite quorum for a parole hearing because Dufur raises these claims for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992)