48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dean Frederick VEREEN, Petitioner-Appellant,
v.
John SULLIVAN, Warden; et al., Respondents-Appellees.
 No. 93-56539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean Frederick Vereen, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2241 habeas corpus petition. Vereen contends that the district court erred by denying his claims regarding the United States Parole Commission's determination of his parole date. Vereen also contends that the district court erred by dismissing, without prejudice, various other claims. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 On March 16, 1982, Vereen was convicted in the United States District Court for the Northern District of Georgia for conspiracy and distribution of cocaine. He was sentenced to twelve years imprisonment, to be served consecutively to a twelve-year Georgia state court conviction for rape. See United States v. Tuttle, 729 F.2d 1325 (11th Cir.1984), cert. denied, 469 U.S. 1192 (1985). Vereen was taken into federal custody on September 5, 1986.
 
 
 4
 At Vereen's initial parole hearing in December 1986, the Parole Commission assigned him a severity score of seven and a salient factor score of nine, placed him in a guideline range of 52-80 months, and deviated above the range to deny parole and order Vereen held in prison until his mandatory release date. At interim parole hearings in May 1990 and September 1992, the Commission decided not to change its previous decision to continue Vereen to his mandatory release date.
 
 
 5
 Vereen contends that in setting his severity score, the Commission erroneously relied on his Georgia state conviction for a rape committed during pretrial release. Vereen also contends that the Commission erroneously used the parole guidelines in effect in 1986; deviated upward from the guideline range; and failed to credit him for certain time spent in custody. These contentions lack merit.
 
 
 6
 We review the denial of a habeas petition de novo. Meador v. Knowles, 990 F.2d 503, 506 (9th Cir.1993). We lack jurisdiction to review the Commission's discretionary decision to grant or deny parole. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). We may consider whether the Commission has acted outside its statutory limits and, if the Commission departs from the parole guidelines, whether it has shown good cause for the departure. Id. We also may consider whether the Commission has violated the Constitution. Id. at 1552.
 
 
 7
 Here, first, the Commission had authority to consider Vereen's rape conviction, which was set forth in his presentence report. See Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987) (per curiam) (Commission may consider presentence report); Bowen v. United States Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986) (Commission may consider state court charges and convictions).
 
 
 8
 Second, the Commission's use of the 1986 parole guidelines did not violate the Ex Post Facto Clause. See Wallace, 802 F.2d at 1553-54 (parole guidelines not laws within meaning of Ex Post Facto Clause).
 
 
 9
 Third, the Commission had good cause for deviating above Vereen's guideline range. See id. at 1551 (" 'good cause' includes reasons put forth by the Commission in good faith which are not 'arbitrary, irrational, unreasonable, irrelevant or capricious' "). The Commission properly determined that Vereen's salient factor score did not adequately represent his risk of parole violation because he had a "history of repetitive assaultive behavior," including a false imprisonment offense and a rape charge that was dismissed because Vereen was found to be a mentally disordered sex offender. See id.; 28 C.F.R. Sec. 2.20(e) (Commission may determine adequacy of salient factor score).
 
 
 10
 Fourth, Vereen was not entitled to credit for time spent in state custody following his arrest on July 14, 1980; the Georgia district court ordered his federal sentence to run consecutively to his state sentence. See 18 U.S.C. Secs. 3568 (repealed), 3585(a); Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir.1992) (per curiam) (federal sentence does not begin to run until defendant is received into federal custody). The Commission was entitled to deny Vereen good time credits based upon his conduct in prison. See Walker, 816 F.2d at 1317.
 
 
 11
 Finally, the district court did not err by refusing to consider Vereen's other claims. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.) (per curiam) (district court has inherent power to control its docket), cert. denied, 479 U.S. 829 (1986). Vereen's claims regarding his conviction and sentence must be brought in a 28 U.S.C. Sec. 2255 motion filed in the sentencing court. See 28 U.S.C. Sec. 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). His claims regarding mistreatment in prison should be brought in a civil rights complaint. See 42 U.S.C. Sec. 1983; Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam). His claims under the Freedom of Information Act, 5 U.S.C. Sec. 552, also should be brought in a civil complaint. See 28 U.S.C. Sec. 2241.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3