57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Martin Allen HENRY, Petitioner-Appellant,
v.
Mark A. HENRY, Warden; United States Parole Commission,
Respondents-Appellees.
 No. 94-55760.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided June 14, 1995.
 
 1
 Before: McKAY,** REINHARDT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 The petitioner, Mr. Henry, appeals the denial of his 28 U.S.C. Sec. 2241 habeas corpus action. We affirm.
 
 
 4
 Petitioner was convicted of bank robbery (18 U.S.C. Sec. 2113(a)) in 1985 and sentenced to eight years. He was given a parole effective date of April 8, 1988. On March 14, 1988, while on pass from a community treatment center, petitioner committed another bank robbery, was arrested and returned to federal custody. On March 16, 1988, he tested positive for cocaine from a urine sample taken on February 24, 1988. On the basis of these two infractions, petitioner was not released on April 8. By Notice of Action dated May 23, 1988, the Parole Commission ordered that petitioner's case be reopened and that his parole effective date of April 8, 1988, be retarded. Petitioner received a rescission hearing on June 8, 1988, at which the hearing panel concluded that he had used narcotics and recommended that his parole date be retarded for eight months to December 8, 1988. The panel noted petitioner's arrest for bank robbery and that a trial in the matter had been set for that August. By Notice of Action dated June 24, 1988, the Commission ordered that petitioner be continued to the October 1988 docket for the purpose of securing information on the March bank robbery charge. Petitioner was convicted of the 1988 robbery on August 4, 1988.
 
 
 5
 The Commission attempted to hold petitioner's rescission hearing concerning the robbery on October 6, 1988, but was informed by the petitioner that sentencing for that crime was to take place later that month. They then decided to postpone the rescission hearing once more. By Notice of Action dated October 21, 1988, petitioner was continued to the December 1988 docket pending sentencing on the 1988 robbery. On October 24, 1988, petitioner was sentenced to a fifteen-year term of imprisonment for the March bank robbery.
 
 
 6
 On December 9, 1988, the Commission again attempted to hold the rescission hearing on the March robbery. The Bureau of Prisons, however, informed the Commission that they were unable to provide a computation of petitioner's sentence pending the Supreme Court's review of the Sentencing Guidelines. Petitioner was informed by Notice of Action dated December 29, 1988, that the rescission hearing had been postponed yet again until February 1989.
 
 
 7
 The hearing was finally held on February 7, 1989. Petitioner's fifteen-year sentence was combined with his prior federal sentence to obtain an aggregate term of eighteen years, nine months, seventeen days.
 
 
 8
 Petitioner asserts that the Parole Commission's continuances of his rescission hearing concerning the March bank robbery violated his due process and speedy trial rights. These arguments are meritless.
 
 
 9
 Under 28 C.F.R. Sec. 2.34, which governs rescission of parole, if a prisoner with an effective date of parole is found to have violated rules or committed a crime, the Parole Commission may reopen the case and retard the parole date for up to ninety days without a hearing. The petitioner was set to be released on April 8, but committed crimes in March. Thus, the Parole Commission had the prerogative to hold the petitioner for up to an additional ninety days (until July 7) before they had to provide him with a hearing. A rescission hearing was held on the narcotics violation on June 8, well within the ninety days allotted. At that time, petitioner's parole date was retarded eight months. There is no dispute but that this action was proper.
 
 
 10
 The government concedes that the rescission hearing on the bank robbery was not held within ninety days of the original parole date, but argues that the delay did not violate the petitioner's constitutional rights because the petitioner was never illegally detained. Given the eight-month retardation of his parole date, the government did not have to release the petitioner until December 8, 1988. Before that time, however, the petitioner was convicted of the bank robbery and sentenced to fifteen additional years. Thus, at no time was the petitioner illegally detained.
 
 
 11
 Despite the fact that he has properly remained in custody, petitioner asserts that he is entitled to habeas corpus relief because the Commission violated its own regulations in failing to hold the rescission hearing within ninety days. However, under Ninth Circuit law, a violation of the Commission's regulations establishes a constitutional violation only if the petitioner demonstrates that the delay in holding the hearing was both unreasonable and prejudicial. Vargas v. United States Parole Comm'n, 865 F.2d 191, 194 (9th Cir.1988); see also Meador v. Knowles, 990 F.2d 503, 506 (9th Cir.1993) (citing cases). All the delays in this case were totally reasonable. It was reasonable to await the outcome of the trial; it was reasonable to await the sentencing for the conviction; and it was reasonable to delay once more pending the Supreme Court's review of the Guidelines. Furthermore, the petitioner has not shown that he was prejudiced in any way. Even if the petitioner could show that the delays were unreasonable, he would not be entitled to release because he was properly convicted of the robbery and sentenced to fifteen years.
 
 
 12
 The petitioner also claims that his inability to appeal the continuances of his rescission hearing was a denial of due process. This claim is without merit.
 
 
 13
 Petitioner also appears to claim that he has been denied access to the Parole Commission's files pertaining to him and that the Parole Commission has not responded to his Freedom of Information Act request. The petitioner did have an opportunity to review his file prior to the February 7, 1989, rescission hearing. His Freedom of Information request was not made until two years later (February 15, 1991). The petitioner has not offered any legal theory under which the government's failure to respond to this FOI request could be construed as a constitutional violation entitling him to habeas corpus relief.
 
 
 14
 The order of the district court adopting the report and recommendation of the magistrate judge and denying the petition for habeas corpus is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3