98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William O. TAYLOR, Petitioner-Appellant,
v.
Bob GUZIK; United States Parole Commission, Respondents-Appellees.
 No. 95-6350.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: BROWN, KENNEDY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 William O. Taylor appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1973, petitioner was convicted of conspiracy to possess with intent to distribute heroin and was sentenced to 15 years of imprisonment with a 3 year special parole term. Also in 1973, petitioner was convicted of kidnapping and of a deprivation of civil rights with death resulting and was sentenced to life imprisonment. Petitioner was admitted to parole in 1990, but the United States Parole Commission revoked petitioner's parole in 1993 following an evidentiary hearing. The revocation was affirmed by the National Appeals Board on appeal.
 
 
 3
 In 1993, petitioner filed an initial petition for a writ of habeas corpus in the district court alleging that the Commission denied him a timely revocation hearing. The district court dismissed the petition as meritless. On appeal, this court affirmed the district court's judgment. Taylor v. Ruffino, No. 93-5993, 1994 WL 84932 (6th Cir. Mar. 11, 1994).
 
 
 4
 Petitioner filed the instant petition in the district court alleging that the Parole Commission erroneously revoked his parole after related federal criminal charges against him were dismissed. The district court dismissed the petition sua sponte as without merit. Thereafter, the district court denied petitioner's timely motion to alter or amend the judgment. This timely appeal followed. On appeal, petitioner contends that the Parole Commission abused its discretion in revoking his parole.
 
 
 5
 Upon consideration, the judgment is affirmed for the reasons stated by the district court in its order denying habeas petition filed November 23, 1994. Essentially, the Parole Commission did not abuse its discretion in revoking petitioner's parole. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam); Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.