**Toufic Badih NADDI, Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden; Immigration and Naturalization Service, Respondents–Appellees.**

No. 00–16791.

D.C. No. CV–00–2132–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001 [1].

Decided June 21, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before O'SCANNLAIN, SILVERMAN and RONALD M. GOULD, Circuit Judges.

MEMORANDUM[2]

California state prisoner Toufic Badih Naddi appeals pro se the district court's order denying reconsideration of its order dismissing Naddi's 28 U.S.C. § 2241 petition for writ of habeas corpus. Naddi contends that the Immigration and Naturalization Service ("INS") violated his due process rights by issuing a detainer letter advising Naddi that he is subject to removal from the United States because he was convicted of an aggravated felony. Naddi contends that the letter violated his constitutional rights because, at the time the INS issued it, his state conviction was on

appeal and therefore not yet final. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Meador v. Knowles,* 990 F.2d 503, 506 (9th Cir. 1993), and we affirm.

The district court properly dismissed Naddi's petition for lack of jurisdiction because at the time he filed his habeas petition he was not in the INS's custody. *See Campos v. INS,* 62 F.3d 311, 314 (9th Cir.1995) (holding that the INS's detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available).

AFFIRMED.

2.   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

