Gerald PRINCE, Petitioner–Appellant,

v.

Dennis STRAUB, Respondent–Appellee.

No. 02–2085.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Gerald Prince, Jackson, MI, pro se.

Raina I. Korbakis, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

### ORDER

Gerald Prince, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts and procedural history underlying Prince's habeas petition are adequately set forth in the district court's opinion and order and will not be repeated herein. Suffice it to say that Prince challenges his June, 2001 parole revocation, contending that the revocation process did not comport with the minimal due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Specifically, he contends that (1) his preliminary hearing was not conducted by an attorney and those proceedings were not recorded as required by state statute; (2) the formal revocation hearing was not conducted within 45 days as proscribed by state statute; (3) he has not received any written or verbal factual findings or reasons for the revocation decision; and (4) he was unable to properly confront and cross-examine witnesses against him and the complaining witness received favorable treatment. The district court denied the habeas petition on the merits but granted Prince a certificate of

appealability as to all issues asserted therein. Prince filed a motion for a certificate of appealability in this court seeking to raise additional issues (*i.e.*, ineffective assistance of counsel and the lack of substantial evidence to support the verdict) not asserted in his habeas petition nor certified by the district court. This court denied the motion for a certificate of appealability in an order filed May 8, 2003.

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

█ Upon review, we conclude that the minimal due process requirements set forth in *Morrissey* were fulfilled. First, Prince does not allege any facts to show that Hearing Examiner Remillet was biased against him or that he was unable to defend the charges against him due to the failure to record the preliminary hearing. Further, there is no evidence that Remillet was involved in bringing the parole violation charges or was otherwise partial to the parole agents. *See Doe v. Staples*, 706

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

F.2d 985, 990 (6th Cir.1983) (noting that *Morrissey* requires that the hearing be conducted by an official other than the one initially handling the case). In addition, the administrative record contains a written report of the evidence relied upon to establish probable cause for the sixth parole violation charge. To the extent that Prince challenges his preliminary hearing solely upon alleged violations of state law, he is not entitled to habeas corpus relief unless the violations rise for some other reason to the level of a denial of rights protected by the Constitution. *See Dugger v. Adams*, 489 U.S. 401, 410, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). State-created administrative or statutory parole procedural rights do not create federal due process rights in having those procedures followed. *See, e.g., Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994).

■ Second, Prince's revocation hearing held 37 days and 49 days after he was taken into custody on the parole violation warrant was presumptively and reasonably timely. *See Morrissey*, 408 U.S. at 488. Further, the record shows that the hearing was continued to allow Prince to cross-examine witnesses and due to recording equipment difficulties, and was not intended to delay the proceedings. There is no evidence that Prince objected to the continuance. Moreover, Prince does not allege facts to show that he was prejudiced in his ability to defend the parole violation charges because of the delay in completing the hearing. *See Taylor v. Ruffino*, No. 93–5993, 1994 WL 84932 (6th Cir. Mar. 11, 1994) (unpublished order) (habeas relief not warranted where petitioner failed to show that revocation hearing delay actually prejudiced him); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir.1993) (154–day delay between arrest and final hearing did not violate due process absent showing of prejudice);

*Meador v. Knowles*, 990 F.2d 503, 505 (9th Cir.1993) (due process violated only when revocation hearing delay is both unreasonable and prejudicial); *Heath v. United States Parole Comm'n*, 788 F.2d 85, 89 (2d Cir.1986) (predicating habeas relief upon showing of prejudice or bad faith).

Third, Prince's claims that he never received verbal or written factual findings as to the Michigan Parole Board's decision in violation of state and federal law are belied by the record, which indicates that a copy of the Hearing Examiner's findings and the Parole Board's decision were mailed to Prince on October 17, 2001. The fact that Prince sought reconsideration and judicial review of the decision reveals that he was provided with the written findings and the reasons underlying the revocation decision.

■ Fourth, Prince's allegations that the Parole Board was biased against him, improperly credited a witness's testimony, and gave a witness favorable treatment are conclusory and unsupported by the record. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir.1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Additionally, the record indicates that Prince had ample opportunity to confront and question witnesses who testified at the parole revocation hearing.

■ Finally, Prince has raised new issues in his appellate brief which were never presented to the district court. We find no reason to address these additional issues for the first time on appeal. *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir.1987); *United States v. Baker*, 807 F.2d 1315, 1321 (6th Cir.1986).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.