**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENT STEVEN SHERMAN, Sr., <br><br> Petitioner - Appellant, <br><br> v. <br><br> EDWARD F. REILLY, Jr., chairman; et al., <br><br> Respondents - Appellees. | No. 07-35337 <br><br> D.C. No. CV-05-01252-OMP <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 15, 2009[**]

Before:  GOODWIN, WALLACE, and FISHER, Circuit Judges.

Federal prisoner Brent Steven Sherman, Sr. appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2241 habeas petition.  Sherman

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EG/Research

challenges his parole revocation on due process and Fourth Amendment grounds. The stay of this case, entered on August 6, 2009, is lifted. Sherman's motion for prompt resolution of this appeal, filed July 6, 2009, is granted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Sherman contends that his due process rights were violated by the Parole Commission's delay in issuing a parole violator warrant. Because Sherman failed to establish the requisite prejudice, *see Meador v. Knowles*, 990 F.2d 503, 506 (9th Cir. 1993), this claim is without merit.

Second, Sherman contends that his due process rights were violated because his parole officer allegedly lied at the revocation hearing. Because Sherman had an opportunity to cross-examine the officer at the hearing, his due process rights were not violated. *See Morrisey v. Brewer*, 408 U.S. 471, 489 (1972) (stating that minimal due process protections applicable to parole revocation hearing include right to confront and cross-examine adverse witnesses).

Third, Sherman contends that his parole violator warrant was not supported by probable cause and hence violated the Fourth Amendment. We rejected this argument in *Sherman v. United States Parole Commission*, 502 F.3d 869, 884 (9th Cir. 2007) (holding that "the Fourth Amendment does not require an administrative parole violator warrant to be supported by oath or affirmation").

Fourth, Sherman contends that the Parole Commission violated his due process rights by holding a second revocation hearing seven months after the first hearing. The district court's finding that the Commission did not initiate a new hearing, but rather continued the original hearing, is not clearly erroneous.

Fifth, and relatedly, Sherman contends that this seven-month delay violated his due process rights. Because Sherman failed to establish the requisite prejudice, *Vargas v. United States Parole Comm'n*, 865 F.2d 191, 194 (9th Cir. 1988), this claim is without merit.

Sixth, Sherman contends that the revocation proceedings violated due process because the Commission failed to prove fraudulent intent beyond a reasonable doubt. The hearing examiner's application of the preponderance standard was proper. *See Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977). Furthermore, the Commission's discretionary determination to revoke parole based on this charge was not so arbitrary or capricious as to violate due process. *See Benny v. United States Parole Comm'n*, 295 F.3d 977, 981-82 (9th Cir. 2002) (stating that Court's jurisdiction to review Parole Commission's discretionary determinations is limited).

Seventh, Sherman contends that his due process rights were violated because the hearing examiner revised his fraud loss calculation, resulting in an increased

severity rating and longer recommended revocation sentence, only after the hearing. Sherman received notice of the basis for the determination and exercised his opportunity to appeal the determination administratively. Accordingly, this claim fails. *See Bowles v. Tennant*, 613 F.2d 776, 779 (9th Cir. 1980) (no due process violation where prospective parolee was only informed of basis for severity rating in notice of action after hearing but had opportunity to appeal administratively).

Eighth, Sherman contends that he was entitled to immediate termination of parole supervision under 18 U.S.C. § 4211(c)(1) because his combined early termination and parole revocation hearing was not held within five years of his release on parole. This argument is foreclosed by *Benny*, 295 F.3d at 982-985 (holding that failure to hold early termination hearing within five years as required under § 4211(c)(1) entitles parolee to considered decision on termination, not immediate termination of parole supervision).

Finally, Sherman contends that the district court abused its discretion by not individually addressing each of his pending motions and requests. The district court acted within its discretionary powers in dismissing as moot Sherman's pending motions and requests.

**AFFIRMED.**