**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENT STEVEN SHERMAN, SR., | No. 07-35540 |
| Plaintiff - Appellant, | D.C. No. CV-06-01780-PA |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Brent Steven Sherman, Sr., a former federal prisoner, appeals pro se from

the district court's judgment dismissing his action alleging constitutional violations

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

in connection with the revocation of his parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and we affirm.

The district court properly dismissed the claims against the government defendants under the doctrine of issue preclusion because Sherman seeks to litigate issues identical to ones previously litigated and decided in his federal habeas case, *Sherman v. Reilly*, No. 07-35337, 2010 WL 55609 (9th Cir. Jan. 7, 2010) (unpublished mem.). *See Hawkins v. Risley*, 984 F.2d 321, 323-25 (9th Cir. 1993) (per curiam) (concluding that plaintiff was precluded from relitigating claims in civil rights action that were previously litigated and decided in his federal habeas case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006) (listing elements of issue preclusion).

The district court properly dismissed the claims against the private defendants because Sherman's conclusory allegations are insufficient to show that these defendants conspired with the government defendants or acted under color of law. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of civil rights claim against private defendant where there were only conclusory allegations of conspiracy with government officials); *see also Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir.

2008) (stating that complaints to the police do not convert private parties into government actors).

Appellee Ebersole's motion for leave to appear is granted. The clerk shall file the answering brief received on November 26, 2007.

**AFFIRMED.**